# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50499 | **DATE** | 5/11/2004 |
| **CASE TITLE** | DirecTV, Inc. vs. Koch | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants the motion to dismiss Count III and denies the motion to dismiss as to Counts I, II, IV, and V.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 12 2004 | 13 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 5-11-04 date mailed notice | |
| LC | courtroom deputy's initials | 2004 MAY 11 PM 3:00 Date/time received in central Clerk's Office | aw mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Clifton Koch, has filed a pro se motion to dismiss all five counts of plaintiff, DirecTV, Inc's, complaint pursuant to Fed. R. Civ. P. 12(b) (Counts III and V) and Fed. R. Civ. P. 11(b) (Counts I, II, and IV).

Defendant contends as to Counts I, II, and IV that plaintiff has "no evidence that their signal was ever illegally intercepted or that any illegal activity what so ever has occurred" and that plaintiff "cannot meet the evidentiary requirements to satisfy Federal Civil Procedure Rule 11(b)." Questions of evidentiary sufficiency are not properly raised by a motion to dismiss. Therefore, the court denies the motion to dismiss as to Counts I, II, and IV.

The court grants the motion to dismiss as to Count III as there is no civil cause of action under 18 U.S.C. § 2512. See, e.g., DirecTV, Inc. v. Westendorf, No. 03 C 50210, minute order of Sept. 15, 2003 (one of this court's prior orders dismissing a claim under section 2512).

As for the motion to dismiss Count V, defendant contends that plaintiff has not stated a cause of action for conversion under Illinois law because "[o]nce a satellite signal is broadcast, it is gone." Thus, defendants argues that there is no property "that the Plaintiff can be deprived of."

Under Illinois law, the elements of conversion are: (1) the plaintiff's right in the property; (2) the plaintiff's right to the immediate, absolute, and unconditional possession of the property; (3) the defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the property; and (4) a demand by the plaintiff for possession of the property. DirecTV, Inc. v. Patel, 2003 WL 22682443, *1 (N.D. Ill. Nov. 12, 2003); Neslon v. Sotheby's Inc., 115 F. Supp. 2d 925, 929 n.2 (N.D. Ill. 2000).

Defendant's contention that once the satellite signal is broadcast plaintiff has no more property interest in it fails to recognize the nature of the signal and plaintiff's interest in it. The signal is tangible in the sense that it has physical attributes and is connected to tangible objects, the transmitter and receiver. A party may, in fact, exercise control and dominion over it through the use of devices such as those at issue in this case. If no fee is paid to do so, then such control and dominion are unauthorized. When plaintiff transmits the signal it does not abandon its interest, nor does the signal evaporate as defendant suggests. Rather, the signal rematerializes in a new form with audio and visual characteristics. Plaintiff retains a property interest in the signal in its new form as well. If defendant acquired the signal without authority as alleged, then it has converted the property of plaintiff. See, e.g., DirecTV, Inc. v. Dillon, 2004 WL 906104 (N.D. Ill. April 27, 2004); DirecTV, Inc. v. Hauser, 2004 WL 813628 (N.D. Ill. April 13, 2004); DirecTV, Inc. v. Dyrhaug, 2004 WL 626822 (N.D. Ill. March 26, 2004). Accordingly, the court denies the motion to dismiss Count V.

For the foregoing reasons, the court grants the motion to dismiss Count III and denies the motion to dismiss as to Counts I, II, IV, and V.